IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANNON M. BELL,                  )
                                  )
    Plaintiff,                    )
                                  )
v.                                )      Case No. 3:05-cv-904-DRH
                                  )
ILLINOIS CENTRAL RAILROAD         )
COMPANY et al.,                   )
                                  )
    Defendants.                   )

**ORDER**

This matter is before the Court on the Motion to Strike Plaintiff's Expert Witness, filed by defendant M & C Transportation, Inc. (hereinafter "M & C Transport"), on September 27, 2006 (Doc. 67); the Motion to Strike Defendant's Motion to Strike Plaintiff's Expert Witness June Blaine, filed by Shannon Bell, filed on October 4, 2006 (Doc. 70); the Motion to Amend/Correct Plaintiff's Motion to Strike Defendant's Motion to Strike Plaintiff's Expert Witness June Blaine, filed by Shannon Bell on October 12, 2006 (Doc. 82); the Motion to Strike Defendants' Retained Experts, filed by Shannon Bell on November 28, 2006 (Doc. 111); the Motion to Strike Dr. Bernard Randolph, filed by Shannon Bell on November 28, 2006 (Doc. 112); the Motion to Supplement Plaintiff's Motion to Strike Dr. Bernard Randolph, filed by Shannon Bell on November 29, 2006 (Doc. 115); the Motion to Strike Plaintiff's Motion to Strike Defendants' Retained Experts, filed by M & C Transport on December 13, 2006 (Doc. 138); the Motion to Strike Plaintiff's Motion to Strike Dr. Randolph, filed by M & C Transport on December 13, 2006 (Doc. 139); and the Motion for Leave to Respond to Plaintiff's Reply to the Motion to Strike Defendants' Retained Experts, filed by M & C. Transport on December 14, 2006 (Doc. 140).

For the reasons set forth below, Defendant M & C Transport's Motion to Strike Plaintiff's Expert Witness (Doc. 67) is **GRANTED IN PART** and **DENIED IN PART**; Plaintiff's Motion to Amend/Correct Plaintiff's Motion to Strike Defendant's Motion to Strike Plaintiff's Expert Witness June Blaine (Doc. 82) is **GRANTED;** Plaintiff's Motion to Strike Defendant's Motion to Strike Plaintiff's Expert Witness June Blaine (Doc. 70) is **GRANTED IN PART AND DENIED IN PART**; Plaintiff's Motion to Strike Defendants' Retained Experts (Doc. 111) is **STRICKEN**; Plaintiff's Motion to Strike Dr. Bernard Randolph (Doc. 112) is **STRICKEN**; Plaintiff's Motion to Supplement Plaintiff's Motion to Strike Dr. Bernard Randolph (Doc. 115) is **DENIED**; Defendant M & C Transport's Motion to Strike Plaintiff's Motion to Strike Defendants' Retained Experts (Doc. 138) is **DENIED AS MOOT**; Defendant M & C Transport's Motion to Strike Plaintiff's Motion to Strike Dr. Randolph (Doc. 139) is **DENIED AS MOOT**;  Defendant M & C Transport's Motion for Leave to Respond to Plaintiff's Reply to the Motion to Strike Defendants' Retained Experts (Doc. 140) is **DENIED AS MOOT**.

## BACKGROUND

The plaintiff, Shannon Bell, is alleging that the defendants, through their negligence, proximately caused his injuries arising from an automobile accident that occurred on June 5, 2005.  The parties are in the process of conducting discovery, and this case has a presumptive trial month of May 2007 before Judge David R Herndon.  On October 5, 2006, the Court conducted a hearing to addressissues related to the first three of the above motions.  John P. Kujawski, attorney for Plaintiff Shannon Bell, was present.  Defendant M & C Transport was represented by Priscilla F. Gunn.  Personal Counsel for M & C Transport, Ron Roth, was also

present. Kurt E. Reitz and Crystal M. Campbell were also present and represented Defendant Illinois Central Railroad Company (hereinafter "Illinois Central"). The Court advised the parties that this written order would thereafter issue.

## DISCUSSION

### Motion to Strike Plaintiff's Expert Witness (Doc. 67)

In this motion Defendant M & C Transportation requests this Court to strike June Blain as an expert witness by alleging that: (1) Plaintiff failed to comply with this Court's Scheduling Order (Doc. 31) by disclosing expert witness June Blaine 6 days late, and (2) that such disclosure was deficient, in that a written report pursuant to FRCP 26(a)(2)(B) was not received. Plaintiff responds that (1) June Blaine does not fall under FRCP 26(a)(2)(B) because she is not a "retained" expert, thus not requiring a report to be filed, and (2) that the Court's Scheduling Order does not address non-retained experts, but only retained experts, in its August 31, 2006, deadline.

The Court's Scheduling Order (Doc. 31) requires that all expert witnesses be disclosed, including retained and non-retained experts: "Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows: Plaintiff's expert(s): August 31, 2006" (Doc. 31, ¶ 5). It is common knowledge that a pair of commas is used in the middle of a sentence to set off clauses, phrases, and words that are not essential to the meaning of the sentence. This is the present case. Therefore, the clause could be read "Expert witnesses shall be disclosed as follows: Plaintiff's expert(s): August 31, 2006." The reminder by the Court that Rule 26 requires retained experts to also disclose written reports at that time is nonessential. Plaintiff's argument might have merit if

3

the sentence was without these two commas.  Therefore, Plaintiff was required to disclose his experts, regardless of whether they fall under FRCP 26(a)(2)(A) or (B), by August 31, 2006. This conclusion is strengthened by the fact that the sentence makes no distinction between 26(a)(2)(A) or (B), it merely states 26(a)(2).  However, Defendant has not shown that this designation, by the mere fact it was made six days late, was so prejudicial as to warrant striking the expert witness's testimony.

The parties disagree over whether June Blaine falls under 26(a)(2)(A) or (B); that is, whether she is a retained or non-retained expert.  FRCP 26(a)(2)(B) requires:

> [T]his disclosure shall, with respect to a witness who is **retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony**, be accompanied by a written report prepared and signed by the witness.

(emphasis added).  Plaintiff contends that Plaintiff merely sought the assistance of June Blaine to "explore employment opportunities" (Doc. 70), meaning to "find him a job" (Doc. 82). However, Plaintiff disclosed June Blaine as a potential expert witness on September 6, 2006, by sending opposing counsel a disclosure statement (Doc. 67-2).  In that disclosure, Plaintiff stated:

> June Blaine may offer opinions and testimony concerning the Plaintiff's history, complaints, medical history current symptomology, his aptitude, marketability, job skills, employability, ability to secure future income and fringe benefits, the amount of fringe benefits, and future income the Plaintiff may be able to earn, Plaintiff's potential for retraining, the job market, job availability in the area of Plaintiff's residence, the cost of rehabilitation services now and in the future.
>
> In addition, June Blaine may provide her opinions as to job trends, market trends, job availability, forecast of job availability, and the future employability of the Plaintiff.
>
> Lastly, June Blaine will base her opinions upon her review of medical records; her interview, and testing of the Plaintiff; her reference to texts, documents, and reference books within her profession; market surveys, job market analyses, government publications; her background, and experience as a rehabilitation

counselor, and having served clients in the past with similar vocational and rehabilitation needs.

Plaintiff's argument that Plaintiff merely sought June Blaine's assistance to find him a job, much as one would hire or elicit services of an unemployment office or other type of employment agency to secure employment, is severely undercut by the language of this disclosure. The Court will take Plaintiff's disclosure statement as an accurate description of Plaintiff's intentions with regard to using June Blaine as an expert.

The Court has not found a case, binding on this Court, that directly addresses the issue at present; that is, when does a testifying expert become a "retained or specifically employed" within the meaning of FRCP 26(a)(2)(B). Surely, this determination cannot depend merely on the designation of the expert as not "retained or specifically employed" by the party hiring the expert. The 1993 comments do not state what is meant by the words "retained or specifically employed." They merely state information disclosed under the former rule was "sketchy and vague," and was often of little help in preparing for depositions.

Although not binding precedent, in <u>Osterhouse v. Grover</u> this Court directly addressed whether an expert witness was "retained or specifically employed" such that an expert report was required. No. 3:04-cv-93-MJR, 2006 WL 1388841 (S.D. Ill. May 17, 2006). In that case, the plaintiff's provided information on various treating physicians, including the doctors' specialty, the type of services each performed for Plaintiffs, what each doctor expected to testify to, and the materials relied on for their opinions. <u>Id.</u> In addition, the expert disclosure stated that each doctor "may be expected to testify on Plaintiffs' medical condition, including diagnoses; causation; prognoses; nature, extent and duration of the injury; past and future pain and

5

suffering; past and future disability; necessity of medical treatment, past and future; and reasonableness and necessity of medical expenses in the past and future."

In Osterhouse, the defendants argued that when a treating physician is being tendered for the purpose of rendering opinions regarding an issue such as causation, that necessitates a finding that the expert is "retained or specially employed" to provide expert testimony. In considering this contention, the court recognized that the Seventh Circuit had not decided the issue, except to state the following in a footnote:

> We need not reach the disputed issue of whether an individual who serves in the capacity of 'treating physician' (or any analogous position) may nonetheless be required to submit a report under Rule 26(a)(2)(B). It is clear that there is some expert testimony in the nature of the treating physician's testimony that does not require a report. But some district courts have suggested that if the Rule 26(a)(2)(A) testimony exceeds the scope of treatment and ventures into more general expert opinion testimony, a report may be necessary.

Osterhouse v. Grover, No. 3:04-cv-93-MJR, slip op. at 2 (S.D. Ill. May 17, 2006) (citing Musser v. Gentiva Health Services, 356 F.3d 751, 758 n.3 (7th Cir. 2004) (citations omitted)). The Seventh Circuit in Musser cited Wreath v. United States, 161 F.R.D. 448 (D. Kan. 1995), as an example of one such district court that directly confronted this issue. Id. In Wreath, the Court stated:

> A treating physician is not always a specially retained expert witness under Fed.R.Civ.P. 26(a)(2)(B). To the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under Fed.R.Evid. 702, 703 and 705. However, when the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specially retained to develop specific opinion testimony, he becomes subject to the provisions of Fed.R.Civ.P. 26(a)(2)(B). The determinative issue is the scope of the proposed testimony.

161 F.R.D. at 450.

6

The <u>Osterhouse</u> court also cited <u>Griffith v. Northeast Illinois Regional Commuter Railroad Corp.</u>, 233 F.R.D. 513, 2006 WL 436114 (N.D. Ill. 2006):

> When a treating physician limits his testimony to his observation, diagnoses and treatment, there is no need for a Rule 26(a)(2)(B) report. In contrast, when a treating physician opines as to *causation, prognosis or future disability*, the physician is going beyond what he saw and did and why he did it. He is going beyond his personal involvement in the facts of the case and giving an opinion formed *because there is a lawsuit*. Often that opinion relies on information not part of the physician's personal knowledge or professional training. . . .

233 F.R.D. at 4 (emphasis added).

The court in <u>Osterhouse</u> found it determinative that the disclosures in that case stated that expert testimony would be based on "the medical records, testing, examinations that were performed during the treatment of a plaintiff and not necessarily in anticipation of litigation." Therefore, the court concluded, a Rule 26(a)(2)(B) report was not required.

In the present case, it is the finding of this Court that Plaintiff's expert witness June Blaine is a retained expert under Rule 26(a)(2)(B), such that an expert report is required. The expert disclosure here goes beyond medical records, testing, examinations that were performed during the treatment of a plaintiff. Rather, the disclosure states that June Blaine will also base her testimony upon her "reference to texts, documents, and reference books within her profession; market surveys, job market analyses, government publications . . ." (Doc. 67-2).

In addition, the expert disclosure statement in this case goes much farther than does the disclosure statement at issue in <u>Osterhouse</u>. Here, Plaintiff alleges its expert June Blaine may offer opinions and testimony not only concerning plaintiff's current condition and marketability, but also his medical history, his current symptomology, "ability to secure future income and fringe benefits, the amount of fringe benefits, and future income the Plaintiff may be able to

earn, Plaintiff's potential for retraining."(Doc. 67-2).  Even if these disclosures could be considered analogous to the disclosures in Osterhouse, Plaintiff's disclosure goes even further to state that its expert may testify as to issues that are not based solely on her examination of Plaintiff, to wit: "the job market, job availability in the are of Plaintiff's residence, the cost of rehabilitation services now and in the future. . . job trends, market trends, job availability, forecast of job availability" (Doc. 67-2).  Unlike in Osterhouse, these disclosures necessitate expert testimony that clearly "goes beyond those related to his care and treatment." Osterhouse, at *2 (citing Wreath, 161 F.R.D. 448 (D. Kan. 1995)).  Rather, such testimony would go beyond "what he saw and did and why he did it." Id. at *3 (quoting Griffith, 233 F.R.D. at 518). Instead, it appears that such opinions would be formed in anticipation of litigation, which is a key factor in deciding whether an expert report is required.  There is no contention that Plaintiff sought this expert's services prior to this litigation arising, as is often the case with treating physicians.

Although this Court finds that June Blaine is an retained expert within the meaning of Rule 26(a)(2)(B), the Court does not believe that Plaintiff's failure to file such a report was so prejudicial as to warrant striking June Blaine as an expert.  Rather, this Court hereby **ORDERS** that Plaintiff **SHALL** provide Defendants with an expert report in conformity with Rule 26 by **December 31, 2006.**

### Motion to Amend/Correct Plaintiff's Motion to Strike Defendant's Motion to Strike Plaintiff's Expert Witness June Blaine (Doc. 82)

Plaintiff filed this motion to correct the record concerning his prior Motion to Strike or Deny (Doc. 70).  The motion is **GRANTED**.  The Court does not construe paragraph 2 of Plaintiffs Motion (Doc. 70) to be an admission that June Blaine is a retained expert.

8

**Motion to Strike Defendant's Motion to Strike Plaintiff's
Expert Witness June Blaine (Doc. 70)**

Plaintiff requests that the Court strike and/or deny Defendant's Motion to Strike Plaintiff's Expert Witness June Blaine or, in the alternative, to grant Plaintiff leave to disclose June Blaine as an expert witness.  For the reasons stated above, Plaintiff's request to strike and/or deny Defendant's Motion to Strike Plaintiff's Expert Witness June Blain is **DENIED**.  However, as stated above, Plaintiff's request for leave to disclose is **GRANTED** in that  Plaintiff **SHALL** provide Defendants with an expert report in conformity with Rule 26 by **December 31, 2006.**

**Motion to Strike Defendants' Retained Experts (Doc. 111)**

In this motion Plaintiff petitions this Court to enter an order striking all retained experts of defendants for failure to timely submit various documents relating to expert disclosure under Rule 26.  The Court, sua sponte, orders that this Motion be **STRICKEN**.  This is a dispute regarding discovery.  In the Court's Order Regarding Discovery, filed on March 15, 2006 (Doc. 22), the Court explicitly delineated how discovery disputes shall be handled.  In that order, the Court instructed the parties:

> The party with the discovery dispute shall contact Robin Butler, Judge Wilkerson's courtroom deputy, at 618-482-9376, to schedule a telephonic conference call with the Court and opposing counsel.  If the dispute involves written discovery, the disputed portion(s) shall be faxed to the Court, at 618-482-9277, prior to the telephonic conference. The party with the discovery dispute shall be responsible for initiating the conference call. The Court's teleconference number is 618-482-9004. Written motions to compel or legal memoranda will not be accepted unless specifically requested by the Court. Expense of the call will be borne by the non-prevailing party. The parties are directed to this court's webpage, http://www.ilsd.uscourts.gov/Judges/wilkersonpretrial.html, for additional information and specific procedures regarding discovery disputes. **Consult this Court's webpage BEFORE contacting chambers with questions.**

(emphasis in original).  If there are unresolved issues relating to this motion, Plaintiff is encouraged to try to work them out informally.  If Plaintiff is not successful in this regard, Plaintiff may contact the Court to schedule a discovery dispute telephonic conference.  Counsel of both parties are **WARNED** that future failure to comply with this Court's Order Regarding Discovery (Doc. 22) may result in a Show Cause Order and awarding of monetary sanctions.

### Motion to strike Dr. Bernard Randolph (Doc. 112)

Plaintiff requests that Defense expert Dr. Randolph be stricken by the Court as a retained expert for failure to timely submit various documents relating to expert disclosure under Rule 26.  The Court, sua sponte, orders that this Motion be **STRICKEN** for the same reasons that the Court struck Plaintiff's Motion to Strike Defendants' Retained Experts (Doc. 111).

### Motion to Supplement Plaintiff's Motion to Strike Dr. Bernard Randolph (Doc. 115)

Plaintiff request this Court to allow Plaintiff's Motion to Strike Dr. Bernard Randolph (Doc. 112) to be amended as stated in Plaintiff's Motion to Supplement due to developments related to the original motion that occurred post filing.  Since Plaintiff's Motion to Strike Dr. Bernard (Doc. 112) is stricken by the Court, leave to supplement that motion is **DENIED**.

### Motion to Strike Plaintiff's Motion to Strike Defendants' Retained Experts (Doc. 138)

Defendant M & C Transport requests this Court enter an order striking Plaintiff's Motion to Strike Defendant's Retained Experts (Doc. 111). The Court has already ruled, sua sponte, that Plaintiff's Motion (Doc. 147) be stricken for the reasons set forth above.  Therefore, Defendant M & C Transport's motion is **DENIED AS MOOT**.

### Motion to Strike Plaintiff's Motion to Strike Dr. Randolph as a Retained Expert (Doc. 139) and Motion to Supplement (Doc. 115)

Defendant M & C Transport requests this Court enter an order striking Plaintiff's Motion to Strike Dr. Randolph as a Retained Expert (Doc. 112). The Court has already ruled, sua sponte, that Plaintiff's Motion (Doc. 112) be stricken for the reasons set forth above. Therefore, Defendant's Motion is **DENIED AS MOOT**.

In addition, M & C Transport filed, in the docket entry text only, a Motion to Strike Plaintiff's Motion to Supplement Plaintiff's Motion to Strike Dr. Randolph (Doc. 112), filed on December 13, 2006 (Doc. 139). Without deciding whether Defendant M & C Transport's motion addressed in the docket text, without any mention of such a motion in the filed motion itself, is sufficient to file such a motion with this Court, the Court states that as it has also ruled, sua sponte, that Plaintiff's Motion to Supplement (Doc. 115) is denied, any such motion, if it were recognizable, would be **DENIED AS MOOT**.

### Motion for Leave to Respond to Plaintiff's Reply to Illinois Central's Response to Plaintiff's Motion to Strike Dr. Randolph as a Retained Expert (Doc. 140)

Defendant M & C Transport requests this Court to grant it leave to respond to Plaintiff's reply to Defendant Illinois Central's response to Plaintiff's Motion to Strike Defendant's Retained Experts (Doc. 111). As this Court has now stricken Plaintiff's Motion to Strike Defendant's Retained Experts (Doc. 111), the Court further finds that this motion is now **MOOT**.

**DATED: December 14, 2006**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**