IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SHANNON M. BELL,**

**Plaintiff,**

**v.**

**ILLINOIS CENTRAL RAILROAD
COMPANY, INC, d/b/a CN/IC, and
M&C TRANSPORTATION, INC.,
A CORPORATION,**

**Defendants.**                                             **No. 05-CV-0904-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Now before the Court is Bell's review and appeal of Magistrate Judge's Order pursuant to Local Rule 73.1 and 28 U.S.C. § 636(b)(1)(A) (Doc. 144). Specifically, Bell asks the Court to reconsider Magistrate Judge Wilkerson's December 14, 2006 Order finding that June Blaine is a retained expert (Doc. 141). Defendant M & C Transportation, Inc. filed a response to Bell's motion (Doc. 146). Based on the following, the Court denies Bell's review and appeal.

**Local Rule 73.1(a)** provides:

Any party may file for reconsideration of a Magistrate Judge's order determining a motion or matter under Local Rule 72.1(c) within ten (10) days after issuance of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. Such party shall file with the Clerk of the Court, and serve on the Magistrate Judge and all parties, a written request

> for reconsideration which shall specifically designate the order, or part thereof, that the parties wish the Court to reconsider. A District Judge of the Court shall reconsider the matter and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also reconsider *sua sponte* any matter determined by a Magistrate Judge under this rule.

Also, under **FEDERAL RULE OF CIVIL PROCEDURE 72(a)**, the Court may modify or reverse a decision of a magistrate judge on a non-dispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." ***Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 395 (1948)); *See also Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.")**. "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view." ***American Motors Corp. v. Great American Surplus Lines Insurance Co.*, 1988 WL 2788 at \* 1 (N.D. Ill. 1988)**.

Here, Bell argues that the fact that his written disclosure was overly sufficient should not justify the classification of Blaine as a retained expert. Bell maintains that he personally consulted Blaine in an effort to secure gainful

employment, that his attorney disclosed Blaine as a non-retained expert pursuant to Rule 26(a)(2)(A), and that his attorney has not consulted with Blaine concerning her findings, testimony, exhibits or conferred with her regarding the evidence she might furnish if called as a witness.

Thus, the question before the Court is whether Judge Wilkerson's Order is clearly erroneous or contrary to law. Magistrate Judge Wilkerson's Order is well written and the Order clearly sets out the reasons for his ruling. The Court agrees with Judge Wilkerson's reasoning and the analogy of going to a treating physician. The question then is does an employment counselor have to consider all the facts and circumstances that Plaintiff proposed Blaine will testify about in assisting a person getting a job? Judge Wilkerson assumes that she does not and so since the proposed testimony goes beyond what an employment counselor would ordinarily have to do to counsel (treat) a client, the excess testimony is what renders the subject testimony subject to the retained expert rule. The Plaintiff has had the option of either pointing out how it is that all the information set forth is, in fact, part and parcel to what an employment counselor ordinarily considers when counseling a client and helping him find a job or, failing that, to amend the scope of the testimony to limit it to only exactly to what an employment counselor does in the course of counseling her client. If Plaintiff had opted for the latter, then pursuant to Judge Wilkerson's reasoning, with which the Court agrees, Plaintiff would not be required to submit a report. Consequently, the Court does not find clear error in Judge Wilkerson's Order. Further, the Court finds that Plaintiff has not established that

Judge Wilkerson's Order is clearly erroneous or contrary to the law. There is no reason for this Court to vacate Judge Wilkerson's Order.

Accordingly, the Court **DENIES** Bell's review and appeal of Magistrate Judge's Order pursuant to Local Rule 73.1 and 28 U.S.C. § 636(b)(1)(A) (Doc. 144) and **AFFIRMS** Magistrate Judge Wilkerson's Order (Doc. 141).

**IT IS SO ORDERED.**

Signed this 4th day of January, 2007.

/s/     David   RHerndon
**United States District Judge**